NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3295
_____


KATHRYN GWIAZDA,
Appellant

v.

LVNV FUNDING, LLC; PATENAUDE & FELIX, A.P.C.
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-22-cv-00698
District Judge:  The Honorable Chad F. Kenney
_____


Submitted under Third Circuit L.A.R. 34.1(a)
November 9, 2023

Before: RESTREPO, SCIRICA, and SMITH, *Circuit Judges*

(Filed: December 12, 2023)


_____

OPINION[*]
_____


---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, Circuit Judge

Kathryn Gwiazda once held a credit card issued by Credit One Bank, N.A., but she defaulted on her account due to personal financial difficulties. LVNV Funding, LLC, a company that purchases delinquent consumer debts, purchased Gwiazda's debt.

Acting through third parties, LVNV represented to Gwiazda that she now owed her debt to LVNV because it was an assignee and thereby a successor in interest to her Credit One account. The law firm Patenaude & Felix, A.P.C. ("P&F") represented LVNV and sued Gwiazda in Philadelphia Municipal Court, trying to recover the delinquent balance. During those proceedings, LVNV produced evidence, which showed that the account was initially assigned on February 28, 2018 from Credit One Bank, N.A. to MHC Receivables, LLC. It was subsequently assigned from Sherman Originator III, LLC ("SOLLC III") to LVNV. This assignment to LVNV refers to a March 5, 2018 "Receivable File" transferred from MHC Receivables, LLC and FNBM, LLC to SOLLC III on March 16, 2018. The Municipal Court judge found that LVNV's documentary evidence failed to "establish a chain of custody between the original creditor and [LVNV]." Appx. 006.

After her victory in the Municipal Court, Gwiazda sued LVNV and P&F in federal court claiming that they violated the Fair Debt Collection Practices Act ("FDCPA"). The District Court granted summary judgment to both LVNV and P&F and denied Gwiazda's

2

Motion for Reconsideration.[1] Gwiazda appealed the Order denying her Motion for Reconsideration. We will affirm.

Gwiazda contends that LVNV and P&F misrepresented LVNV's status as an assignee and sought to collect from her a debt she did not owe, in violation of 15 U.S.C. §§ 1692e and 1692f. Section 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Because Gwiazda failed to produce sufficient evidence upon which a reasonable juror could conclude LVNV and P&F (1) made false, deceptive, or misleading statements, or (2) engaged in any unfair or unconscionable means in attempting to collect an alleged debt from Gwiazda, we will affirm the District Court's Order denying the Motion for Reconsideration.[2]

Gwiazda largely bases her theory that LVNV and P&F made false or misleading statements on the ruling of the Municipal Court that LVNV failed to establish a chain of custody between itself and the original creditor. In her view, the inadequate

---

[1] The District Court exercised jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331. Our appellate jurisdiction arises under 28 U.S.C.§ 1291. We review a grant of summary judgment de novo. *Am. Home Assurance Co. v. Superior Well Servs., Inc.*, 75 F.4th 184, 188 n.4 (3d Cir. 2023).

[2] There is no need to consider Gwiazda's arguments regarding affirmative defenses or issue preclusion, as Gwiazda has failed to meet her burden of proof to show any FDCPA violation.

3

documentation of LVNV's status as an assignee meant that it made a false representation when it claimed to be the assignee of her account.

The Municipal Court determined only that LVNV failed to meet its burden of proof in that case. It did not determine whether LVNV was the owner of the account. The United States Supreme Court has recognized that losing a debt collection lawsuit does not in itself mean a defendant violated the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 295-96 (1995) ("[W]e do not see how the fact that a lawsuit turns out to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'"). Gwiazda still must provide sufficient evidence upon which a reasonable juror could conclude that LVNV and P&F made false or deceptive statements to succeed at summary judgment.

As the District Court explained, "Gwiazda could have met this burden by putting forth evidence she was making payments to someone else on the debt, that she was receiving notices of payments due to someone else, or any other affirmative evidence the debt had been assigned to someone else." Appx. 021. Gwiazda's documentary evidence is insufficient. She filed Exhibit A, the Complete Municipal Court Case File, with the District Court. This exhibit includes the sale files for the first and final assignment.[3] Just as LVNV's proof was insufficient in the Municipal Court, Gwiazda's proof fails here. It shows that Credit One assigned Gwiazda's debt, but it does not establish that LVNV did not become the final assignee. By relying on speculation alone, and having undertaken no

---

[3] The sale file from the first assignment is named "CreditOne_Sherman2_032018," Appx. 069-72. The final assignment is named "3.16.18 CreditOne_Sherman2_032018." Appx. 080.

4

discovery, Gwiazda failed to meet her burden of proof. *Lexington Ins. Co. v. Western Pa. Hosp.*, 423 F.3d 318, 333 (3d Cir. 2005).

The Court therefore will affirm the District Court's order.